On the Merits.
The object of the present proceeding is to force Dr. C. A. Gaudet to comply with the terms of an adjudication made of certain property by Curtis, auctioneer, on the 15th day of April, 1896, upon the ground that he and not Theodore Gaudet was the real adjudicatee of the property. That the property was adjudicated as a fact to Theodore Gaudet appears not only from the •prooes verbal made out by the auctioneer, but by the testimony of the auctioneer himself— that of Felix Loeb, who made the bid for the property, on behalf of Theodore Gaudet — that of Theodore Gaudet, and finally, by the rule taken by the appellee in this case upon Theodore Gaudet, wherein he is referred to as the adjudicatee and sought to be compelled to comply with his bid.
It is now claimed that Theodore Gaudet simply lent the use of his-name to his brother, Dr. C. A. Gaudet, and that the latter was the undisclosed actual purchaser. That fact was attempted to be shown by parol evidence. Evidence of that character was permitted to be received by the court over defendant’s objection and effect was given to it — the court, on that evidence, having held that the property was, in truth, adjudicated to Dr. Gaudet, and ordered him *987 to comply with his bid as such. Defendant reserved a bill of exception to the introduction of this evidence. The effect of the judgment, if sustained, will be to substitute Dr. 0. A. Gaudet for Theodore Gaudet, as the owner of the property under the adjudication made by Ourtis, auctioneer.
Theodore Gaudet and Felix Loeb were placed on the stand as witnesses for the wife, and both positively declared that Theodore Gaudet, in purchasing, was acting on his own behalf. Theodore Gaudet was not made a party to this proceeding.
It would appear from the evidence that a cash deposit had been made for and on behalf of Theodore Gaudet, by Loeb, in che hands of the auctioneer on the day of the sale. That, subsequently, this deposit, or a part of the same, was withdrawn from deposit by Louque & Pomes, on their producing and surrendering to Curtis the receipt which he had given for the same. This fact coupled with the fact that they were the attorneys of Dr. C. A. Gaudet, and not of his brother, and with the statement made hy one of the attorneys of the appellee as a witness for the latter, “ that it was well understood between all parties at the time, that Mr. Theodore Gaudet, who appeared as the adjudicatee, did not represent himself, but represented Dr. Gaudet,” seems to have carried conviction to the mind of the court that the husband was the real, though his brother was the. ostensible adjudicatee of the property.
We are not called on to express any opinion as to whether the' conclusion reached would have been justified by the evidence had it. been legally received, for the reason that, in our opinion, appellant’s, objection to its reception should have been sustained. Appellee cites Peytavin vs. Hopkins, 5 Martin, 439, and Hall vs. Sprague, 7 Martin (O. S.), 243, as supporting the correctness of the court’s, ruling. The parol evidence permitted in the former suit to be introduced was to support the adjudication as made, and not to contradict it or alter its legal results as flowing from its recitals. The latter case was an action of a different character from the present. Plaintiff, in that suit, claiming that there existed fiduciary relations between himself and the adjudicatee, of certain property sold at. auction, which would make it illegal and improper for the latter to-hold the property adversely to him, sought to have the adjudication,, as made to the adjudicatee and as recited, enure to the benefit of the-plaintiff. It is not claimed or pretended here that there were any *988 fiduciary relations between Theodore Gaudet and Mrs. Louise Dumoulin, which would entitle the latter to take and hold the property herself, as the real adjudicatee. She does not claim ownership of the property under the adjudication.
We think the rights of parties in this case are controlled by Hackenburg vs. Gartskamp, 30 An. 898; Perrault vs. Perrault, 32 An. 636; Heirs of Dohan vs. Dohan, 42 An. 449; Sagory vs. Bouny, 42 An. 618, and Whelage vs. Lotz, 44 An. 601.
For the reasons herein assigned it is ordered, adjudged and -decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff’s demand be dismissed, at her costs, in both -courts.